UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.:  21-cv-5827
JON TADROS,

                                        Plaintiff,

                                                                    COMPLAINT

            -against-

AMEREX GROUP, LLC, and YAEL FOGEL,                       PLAINTIFF DEMANDS
*individually*                                          A TRIAL BY JURY

                              Defendants.
------------------------------------------------------------------X

      Plaintiff, JON TADROS, by Plaintiff's attorneys, PHILLIPS & ASSOCIATES,

ATTORNEYS AT LAW, PLLC, hereby complains of the Defendants, upon information and

belief, as follows:

### Nature of the Case

1.    Plaintiff complains pursuant to the **Family and Medical Leave Act**, 29 U.S.C. § 2601, *et*

    *seq.* ("FMLA");the **Americans with Disabilities Act of 1990**, 42 U.S.C. § 12101, *et seq.*

    ("ADA"), the **New York State Human Rights Law**, New York State Executive Law §

    296, *et seq.* ("NYSHRL"), and the **New York City Human Rights Law**, New York City

    Administrative Code § 8-502(a), *et seq.* ("NYCHRL"), and seeks damages to redress the

    injuries Plaintiff has suffered as a result of being discriminated against on the basis of his

    disabilities, and ultimately unlawfully terminated from his position in retaliation for

    requesting an accommodation.

### Jurisdiction and Venue

2.    Jurisdiction of this Court is proper under 29 U.S.C. § 2601, 42 U.S.C. §12101, *et seq.,* and

    28 U.S.C. §§ 1331 and 1343 as it arises under the laws of the United States and is an action

to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

3.    The Court has supplemental jurisdiction over Plaintiff's claims brought under State and City Laws pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in this district in that a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of the State of New York. 28 U.S.C. § 1391(b).

## Procedural Prerequisites

5.    Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6.    Plaintiff received a Notice of Right to Sue from the EEOC, dated June 4, 2021, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto as Exhibit A.

7.    This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

8.    Contemporaneously with the filing of this Complaint, Plaintiff mailed a copy of the Complaint to the New York City Commission on Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel") pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code.

## Parties

9.    At all times material, Plaintiff was and is a resident of the State of New Jersey.

10.    At all times material, Defendant AMEREX GROUP, LLC, ("AMEREX"), was and is a Delaware corporation operating in the State of New York as a foreign limited liability company.

11.    At all times material, Defendant AMEREX is a manufacturer and distributor of outerwear products.

12.    At all times relevant, Defendant YAEL FOGEL ("FOGEL") was and is a senior executive of Defendant AMEREX holding the title of "Chief Financial Officer."

13.    At all times relevant, Defendant FOGEL was Plaintiff's supervisor and had supervisory authority over Plaintiff. Defendant FOGEL had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment.

14.    Defendant AMEREX and FOGEL are collectively referred to herein as "Defendants."

15.    At all times material, Defendants have conducted and operated a business pursuant to, and by virtue of, the laws of the State of New York, with an office located at 512 7th Avenue, 9th Floor, New York, New York 10118 ("Office").

16.    At all times relevant, Plaintiff was an employee of Defendants.

17.    At all times relevant, Plaintiff was an eligible employee under the FMLA, ADA, NYSHRL and NYCHRL.

**Material Facts**

18.    In or about August 2019, Defendants employed Plaintiff as a Controller Officer located in their Office.

19.    Upon information and belief, Plaintiff's performance was above-average while working for Defendants.

20.    Plaintiff's starting annual salary was $127,000 and was adjusted to $130,000 in or about
       September 2019. In or about March 2020, his annual salary was reduced to $105,000 due
       to a COVID 19-related downturn in business.

21.    In or about March 2020, Defendants mandated that Plaintiff, along with his colleagues,
       were to work from home due to the global pandemic.

22.    During this time period, Plaintiff demonstrated that he was fully capable of completing his
       assignments and performing his job duties while working from home.

23.    By email dated June 9, 2020, Defendant AMEREX's management conveyed to its
       employees, including Plaintiff, that they were expected to resume working from Defendant
       AMEREX's Office as of June 29, 2020.

24.    Plaintiff informed a Human Resources representative, Lida Suarez ("Ms. Suarez"), and
       Defendant FOGEL, that he (Plaintiff) suffers from severe asthma and was considered "high
       risk" in connection with COVID-19.

25.    Even when otherwise healthy, Plaintiff sometimes has difficulty breathing due to his
       asthma.

26.    As a reasonable accommodation for his disability, Plaintiff requested, via email dated June
       22, 2020, to continue working remotely at home. He made this request because taking
       public transportation to and from work, and working in the Office alongside colleagues,
       would increase his chances of contracting COVID-19, which could result in serious or fatal
       complications for him due to his asthma.

27.    According to the Center for Disease Control, people with asthma (moderate-to-severe) may
       be at an increased risk for severe illness from COVID-19.

4

28.   Defendant FOGEL expressed her dissatisfaction with Plaintiff's request for an accommodation and began harassing Plaintiff to return to work in the Office, despite Plaintiff's request for an accommodation.

29.   Ms. Suarez directed Plaintiff to have his physician complete an ADA Medical Certification Form (the "ADA Form").

30.   Defendants provided Plaintiff with paperwork for requesting an accommodation. However, Defendants failed to mention intermittent FMLA leave as an option, even though Plaintiff was eligible to utilize FMLA leave.

31.   On June 29, 2020, Plaintiff informed Ms. Suarez that he was still waiting for his doctor to complete the ADA Form.

32.   Ms. Suarez responded that Plaintiff was not being given "a special accommodation" because his paperwork was not completed in time. She went on to state – to Plaintiff, a person who battles severe asthma and is at high risk for severe complications or death should he contract COVID-19 – that "[e]veryone was due back to the office today. You will continue to be in violation of your schedule until further notice."

33.   On June 30, 2020, Plaintiff provided the completed ADA Form signed by his physician, Dr. Evelyn Tolston. The ADA form states due to Plaintiff's medical condition of severe asthma, Plaintiff needed to work from home.

34.   Ms. Suarez asked for a correction to be made to the form, and Plaintiff provided the corrected, complete form via email on July 1, 2020. Ms. Suarez responded, "We will review and get back to you" via email on July 1, 2020.

35.   However, Defendant AMEREX never got back to Plaintiff as to the status of his disability accommodation request.

36.    Plaintiff reasonably believed his request for accommodation was granted and continued working remotely from home.

37.    Thereafter, Defendants began retaliating against Plaintiff.

38.    For example, management began excluding Plaintiff from meetings and not copying him on emails pertinent to his work.

39.    In or about late July 2020, Defendants hired a new controller, although they told Plaintiff the new employee was a "finance manager" and had a different role than Plaintiff.

40.    On September 11, 2020, Defendants terminated Plaintiff's employment.

41.    Defendants stated that the reason for the termination was that Plaintiff performed poorly at work but did not give any examples of such poor performance, nor was Plaintiff ever told prior to termination that there were any problems with his work performance. Indeed, Plaintiff had consistently received positive feedback about his work.

42.    Belying Defendants' reference to supposed poor performance as the basis for Plaintiff's termination, Defendant AMEREX's Chief Executive Officer sent Plaintiff a text message on or about September 14, 2020, offering to give Plaintiff a good employment reference.

43.    It is clear Defendants wrongfully terminated Plaintiff's employment in retaliation for requesting an accommodation to continue working remotely from home.

44.    Defendants wrongfully denied Plaintiff's request for an accommodation and never mentioned the option of taking FMLA leave which Plaintiff was eligible to take.

45.    Plaintiff's medical condition of severe asthma qualifies as a disability and is protected under the ADA, as well as New York State and New York City discrimination laws.

46.    At all times prior to Plaintiff's employment termination, Defendants were aware of Plaintiff's medical disabilities and failed to provide reasonable accommodation as required under the ADA.

47.    Defendants knew or should have known of their discriminatory and retaliatory conduct against Plaintiff but failed to take corrective measures within their control and did nothing to correct the unlawful behavior.

48.    Rather than engaging in a meaningful interactive process regarding the disability accommodation and FMLA leave, Defendants terminated Plaintiff's employment.

49.    Defendants did not attempt to provide a reasonable accommodation to Plaintiff, despite the fact that allowing Plaintiff to continue working from home would not have caused Defendants any undue burden.

50.    Plaintiff felt humiliated and emotionally distraught by the chain of events leading to his employment termination.

51.    As a result of the discrimination and retaliation perpetuated by the Defendants, Plaintiff suffered and continues to suffer emotional distress.

52.    Plaintiff was repulsed, offended, disturbed, humiliated, victimized, and disgusted by this blatantly unlawful harassment, discrimination and retaliation.

53.    Plaintiff was treated this way solely due to Plaintiff's disability and because of his objections to the discriminatory and retaliatory actions taken against Plaintiff.

54.    Defendants had no good faith business justification for terminating Plaintiff employment.

55.    Defendants' actions and conduct were intentional and intended to harm Plaintiff.

56.    Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

57. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment and income, the loss of a salary, loss of bonus, loss of benefits, and is entitled to compensation.

58. As a direct result of the acts and conduct complained of herein, Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional distress.

59. Defendants acted maliciously, willfully, outrageously, and with full knowledge of the law.

60. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

61. Further, Plaintiff is entitled to liquidated damages in an amount to be determined at trial, because the Defendants willfully violated FMLA, ADA, NYSHRL and the NYCHRL by discriminating against Plaintiff.

**First Cause of Action for Interference**
**Under the Family and Medical Leave Act**
**(Against All Defendants)**

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. Section 2612(D) of the Family Medical Leave Act, states in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period … Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

64. Section 2615(a) of the Family Medical Leave Act, states in pertinent part:

> Interference with rights.
>
> (1) Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

65.     By failing to offer FMLA leave for which Plaintiff was eligible, Defendants interfered with

        Plaintiff's rights under the FMLA.

66.     Accordingly, Plaintiff has been damaged as set forth herein.

                    **Second Cause of Action for Discrimination**
                    **Under the Americans With Disabilities Act**
                          **(Not Against Individual Defendant)**

67.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

        this complaint.

68.     Section 12112 of the ADA, titled "Discrimination," provides:

                (a) General rule. - No covered entity shall discriminate against a
                qualified individual on the basis of disability in regard to job
                application procedures, the hiring, advancement, or discharge of
                employees, employee compensation, job training, and other terms,
                conditions, and privileges of employment.

69.     Defendant AMEREX violated this section as set forth herein.

70.     Plaintiff is entitled to the maximum amount allowed under this statute/law.

                        **Third Cause of Action for Retaliation**
                    **Under the Americans With Disabilities Act**
                          **(Not Against Individual Defendant)**

71.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

        this complaint.

72.     The ADA prohibits retaliation, interference, coercion, or intimidation.

73.     Section 12203 of the ADA provides:

                a) Retaliation. No person shall discriminate against any individual
                because such individual has opposed any act or practice made
                unlawful by this chapter or because such individual made a charge,
                testified, assisted, or participated in any manner in an investigation,
                proceeding, or hearing under this chapter.

                b) Interference, coercion, or intimidation. It shall be unlawful to
                coerce, intimidate, threaten, or interfere with any individual in the

> exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

74.     It should be noted that, according to the EEOC's Enforcement Guidance on Retaliation and Related Issues, "A request for reasonable accommodation of a disability constitutes protected activity under the ADA, and therefore retaliation for such requests is unlawful."

75.     Defendant AMEREX violated the above-cited section of the ADA as set forth herein.

76.     Plaintiff is entitled to the maximum amount allowed under this statute/law.

### Fourth Cause of Action for Discrimination
### Under the New York State Executive Law
### (Against all Defendants)

77.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

78.     New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

79.     Defendant AMEREX violated the section cited herein as set forth.

### Fifth Cause of Action for Discrimination
### Under the New York State Executive Law
### (Not Against Corporate Defendant)

80.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

81.   New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

82.   Defendant FOGLE engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory and retaliatory conduct.

**Sixth Cause of Action for Discrimination**
**Under the New York City Administrative Code**
**(Against all Defendants)**

83.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

84.   The New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

85.   Defendants violated the section cited herein as set forth.

**Seventh Cause of Action for Discrimination**
**Under the New York City Administrative Code**
**(Not Against Corporate Defendant)**

86.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

87.   The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

88.   Individual Defendant FOLGE engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

89.   Individual Defendant violated this statute as set forth.

**Eighth Cause of Action for Retaliation**
**Under the New York City Administrative Code**
**(Against All Defendants)**

90.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

91.   The NYCHRL § 8-107(7) provides that it shall be unlawful discriminatory practice: "to retaliate … in any manner against any person because such person has…(v) requested a reasonable accommodation under this chapter."

92.   Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by retaliating against Plaintiff because Plaintiff engaging in protected activity by requesting a reasonable accommodation.

93.   Plaintiff is entitled to the maximum amount allowed under this statute.

**Ninth Cause of Action for Vicarious Liability**
**Under the New York City Administrative Code**
**(Not Against Individual Defendant)**

94.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

95.   The Administrative Code of City of New York § 8-107(13) provides for employer liability for discriminatory conduct by an employee, agent or independent contractor.  This sub-section states:

> a.  An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b.  An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c.  An employer shall be liable for an unlawful discriminatory practice committed  by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

96.   Defendant AMEREX violated the section cited herein as set forth.

## Jury Demand

97.   Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the Family Medical Leave Act, Americans of Disabilities Act, New York State Human Rights Law, and the New York City Administrative Code, in that Defendants discriminated against Plaintiff on the basis of his disability and thereafter terminated Plaintiff's employment in retaliation for requesting an accommodation;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants unlawful harassment, discrimination, retaliation, and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

C.   Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

D.   Awarding Plaintiff damages for loss of income, the loss of a salary, bonus, benefits, and other compensation, which such employment entails;

E.   Awarding Plaintiff punitive damages;

F.   Awarding Plaintiff liquidated damages;

G.   Awarding Plaintiff prejudgment interest;

H.   Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

I.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated:  New York, New York
       July 7, 2021

                                      **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**

                         By:_   _____/s/_____
                                 Marjorie Mesidor
                                 Attorneys for Plaintiff
                                 585 Stewart Avenue, Suite 410
                                 Garden City, New York 11530
                                 (212) 248-7431
                                 mmesidor@tpglaws.com

14